**Motion Granted; Order filed October 9, 2012**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00011-CV

———————

**J.C. WALTER, III AND ET AL, Appellants**

**V.**

**MARATHON OIL CORPORATION AND MARATHON E.G. LPG LIMITED, Appellees**

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-58805**

## ORDER

The parties in this appeal seek to file appellate briefing under seal. All three volumes of the First Supplemental Clerk's Record were filed under seal in this court because the documents contained therein were sealed in the trial court. The parties filed an Agreed Motion to File Appellate Briefing under Seal because significant portions of the clerk's record were sealed. But the trial court had signed only a temporary sealing order in which the trial court temporarily sealed the documents in question until the trial court ruled on appellees' Motion to Seal Court Records. Because the trial court had not

held a hearing under Texas Rule of Civil Procedure 76a and had not ruled on the Motion to Seal Court Records, on June 12, 2012, this court abated the case and ordered the trial court to conduct a hearing pursuant to Texas Rule of Civil Procedure 76a. The trial court conducted the hearing and filed findings of fact and conclusions of law. In these findings and conclusions, the trial court effectively denies appellees' Motion to Seal Court Records and the supplement to this motion. Because the trial court has effectively denied appellees' motions requesting that the records in question in the trial court be sealed, we deny the parties' Agreed Motion to File Appellate Briefing under Seal.

Though the trial court found that sealing was not appropriate, in its eighth conclusion of law, the trial court concluded:

> Further steps must be taken to redact trade secret information from the filings. The Protective Order covers all filings in this case insofar as they relate to confidential information discovered by Plaintiffs in the underlying arbitration. As such, any figures relating to Defendants' financial information, operational information, or information concerning plant revenues, plant expenditures and pricing information turned over to Plaintiff by Defendants as Confidential in the course of the Arbitration should be redacted.

Appellants have filed an unopposed motion asking this court to return all three volumes of the First Supplemental Clerk's record to the trial court clerk and requesting that the trial court clerk make the redactions by agreement of the parties. We therefore issue the following ORDER:

All three volumes of the First Supplemental Clerk's Record (filed under seal in this court) shall be returned to the district clerk. We further ORDER that the parties shall confer and submit to the trial court clerk agreed redactions compliant with the trial court's Findings of Fact and Conclusions of Law. In the event of any disagreement between the parties about information to be redacted, the parties shall present such disagreement to the trial court for determination. Upon resolution by the trial court of any disagreement, the trial court clerk shall (1) make a copy of the unredacted version of each page of the First Supplemental Clerk's Record on which a redaction is to be made;

(2) maintain the copies of these unredacted pages under seal; (3) make or insert all redactions, whether submitted by agreement, or in the event of disagreement, as determined by the trial court, to the First Supplemental Clerk's Record; (4) after making all redactions, unseal the First Supplemental Clerk's Record, as redacted, while maintaining the copies of the unredacted pages under seal; and (5) file the unsealed, redacted version of the First Supplemental Clerk's Record and the sealed copies of the unredacted pages in this court. The trial court shall request the district clerk to compile the redacted record and submit it to this court in the form of a supplemental clerk's record to be filed on or before thirty days from the date of this order.

PER CURIAM

Panel consists of Justices Frost, Boyce, and McCally.